**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-1979-WJM-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STOCK ASYLUM LLC, and
RONALD ROVTAR,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

---

Plaintiff United States of America ("Plaintiff" or "Government") brings this action against Defendants Stock Asylum LLC and Ronald Rovtar ("Defendants") arising out of a loan that was guaranteed in part by the Small Business Administration ("SBA"). (Compl. (ECF No. 1).)

This matter is before the Court on the Government's Motion for Entry of Default Judgment ("Motion"). (ECF No. 12.) For the reasons set forth below, the Motion is granted.

## I. PROCEDURAL HISTORY

The Government filed this action on July 16, 2014 alleging that Defendants defaulted on a loan guaranteed by the SBA and seeking judgment in its favor for the unpaid debt. (Compl. pp. 2-3.) On August 1, 2014, Defendants were both served with a copy of the Complaint and Summons, which triggered an answer date of August 18, 2014. (ECF Nos. 7-8.) Defendants did not file any responsive papers or otherwise

appear to defend against the Government's claim.

The Government then moved for entry of default. (ECF No. 15.) The Clerk entered default against both Defendants on September 8, 2014. (ECF No. 16.) The Government filed the instant Motion on August 27, 2014 (ECF No. 12), and no responsive papers were filed by Defendants. As the date for responding to the Motion as long since passed, the Motion is now ripe for consideration.

## II. LEGAL STANDARD

Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal quotation marks and citation omitted). Further, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal citation omitted).

## III. ANALYSIS

Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting Defendants and subject matter jurisdiction over the action. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). Next, the Court should consider

whether the well-pleaded allegations of fact—which are admitted by Defendants upon default—support a judgment on the claims against the defaulting Defendants. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (citations omitted). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages. *See* Fed. R. Civ. Pro. 55(b)(2). Generally, a damages hearing is not needed when the damages requested are for a sum certain. *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006).

**A.     Jurisdiction**

The Court finds that jurisdiction exists in this case pursuant to 28 U.S.C. § 1345 because the United States of America is a party to this action. The Court further finds that it has personal jurisdiction over Defendants, as Stock Asylum is a Colorado limited liability corporation with its principal place of business in Boulder, Colorado and Defendant Rovtar resides in Boulder, Colorado. (Compl. ¶¶ 3-4.) Accordingly, the Court is satisfied that it has both subject matter jurisdiction over the case, and personal jurisdiction over the Defendants.

**B.     Plaintiff's Claims**

Plaintiff alleges that it is entitled to recover a debt from Defendants pursuant to the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001, *et seq.* ("FDCPA").

(Compl. p. 1.)  The FDCPA provides the "civil procedures for the United States . . . to recover a judgment on a debt."  28 U.S.C. § 3001(a)(1).  "Debt" is "an amount that is owing to the United States on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, or other source of indebtedness to the United States."  28 U.S.C. § 3002(3).

Taking the facts pled in Plaintiff's Complaint as true, the Court finds that the Government has established that it is entitled to judgment on a debt owed by Defendants.  The Government has shown that Defendant Rovtar, acting on behalf of Defendant Stock Asylum, signed a promissory note for a Small Business Administration Express Loan Business Line of Credit in the amount of $70,000.  (Compl. ¶ 6; ECF No. 1-3.)  The SBA guaranteed half of that loan, or $35,000, and Defendant Rovtar signed an unconditional guaranty on the loan.  (Compl. ¶¶ 7-8; ECF No. 1-3.)  Thus, the Government has shown that Defendants incurred the debt at issue in this case.

The Complaint also states that Defendant Rovtar defaulted on his obligation to pay the loan in October 2012.  (Compl. ¶ 10.)  On these facts, the Court finds that the Government has proven that it is entitled to judgment in its favor on its FDCPA claim.

**C.    Default Judgment for Sum Certain Damages**

The Court further finds that a default judgment should be entered for the sum certain damages that the Government seeks.  Actual proof must support any default judgment for money damages.  *See Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).  Here, the Government has supplied a Declaration showing that it is entitled to

recover a principal amount of $32,41.81 plus $10,364.18 in fees, as well as interest accruing at the note rate from the date of judgment.  (ECF No. 12-1 ¶ 5.)  Thus, the Court concludes that the Government is entitled to judgment in its favor in the amount of $42,796.62, plus interest from the date of judgment at the applicable note rate.

**D.  Surcharge**

The Government also asks the Court to award it a 10% surcharge on the debt pursuant to 28 U.S.C. § 3011.  (ECF No. 12 at 2.)  The FDCPA allows for recovery of this surcharge "to cover the cost of processing and handling the litigation and enforcement" of the claim for the debt.  28 U.S.C. § 3011(a).  The Government is not entitled to recover the surcharge if it is otherwise awarded attorneys' fees or costs to cover the processing and handling of litigation.  *Id.* at § 3011(b).

In this case, the Government does not ask the Court for an award of attorneys' fees, and there is no indication that it will otherwise be compensated for the work required to process and enforce this litigation.  Accordingly, the Court finds that the 10% surcharge is appropriate, and will include it in the judgment.

**E.  Costs**

Finally, the Government requests costs in the amount of $400 pursuant to 28 U.S.C. § 2412(a)(2), which allows the United States to recover its filing fees when it prevails in a civil action.  (ECF No. 12 at 1.)  The Court concludes that the Government is entitled to this award, and will include it in the judgment.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Government's Motion for Entry of Default Judgment (ECF No. 12) is GRANTED;

2. The Clerk shall enter a default judgment in favor of the United States and against Defendants, jointly and severally, for the following:

    a. $42,796.62 in principal, plus interest from the date of judgment at the applicable note rate;

    b. $400 in costs; and

    c. A surcharge of 10% of the debt.

Dated this 13th day of February, 2015.

BY THE COURT:

William J. Martínez
United States District Judge